IN THE MATTER OF SOLA É HIJO, S. EN C.,
BANKRUPTS.

San Juan, Bankruptcy, No. 61.

ON APPLICATION FOR REMOVAL OF TRUSTEE.

Trustee—Second Appointment.
    1. A *de facto* trustee will be recognized until proceedings are taken for his removal, and this applies to a trustee who was appointed by the court in the presence of creditors. It will be presumed either that the creditors nominated or the court appointed in default of such nomination.

Trustee—Misconduct.
    2. It is reprehensible for a trustee not to attend a meeting of creditors which he himself calls; but if the creditors take no action before the referee, the point will not be considered afterwards before the court.

Trustee's Sale—Under 75 Per Cent.
    3. The bankruptcy law forbids a sale for less than 75 per cent of the appraised value of property, without the approval of the court; but there can be no complaint of such sale if there has been no such appraisal.

Removal of Trustee—Burden.
    4. The burden is on creditors seeking the removal of a trustee, **to** prove the charges to the satisfaction of the court.

Trustee—Reports.
    5. The trustee must make reports to the court at reasonable inter-

In the Matter of Solá é Hijo.

vals, and is not excused by any default of his attorney to make up such report when requested.

Removal of Trustee—Will of Creditors.

6. A trustee is removed by the court, not by the creditors, and the will of creditors is generally expressed at meetings. Where a petition is signed by creditors for this purpose, the court will examine to see if it represents the will of the majority in number and value of creditors holding allowed claims.

Removal—Advice of Creditors.

7. The wishes of the majority in number and value of creditors would be very persuasive to the court in exercising its power to remove the trustee.

Removal—Majority of Creditors.

8. The principle of removal is to consult the best interest of the estate, and if it is not clear that the majority in number and value of creditors desired such action, the court will refer the matter to the referee to allow or disallow all claims properly filed, and report immediately for the guidance of the court.

Opinion filed October 28, 1913.

------

*Mr. Joseph Anderson, Jr.,* for petitioning creditors.

*Mr. Chas. Hartzell* for trustee Cadierno.

HAMILTON, Judge, delivered the following opinion:

This is a case of a bankrupt firm dealing in tobacco at Caguas, Porto Rico. The petition and adjudication in this case were May 17, 1912. The total of schedule A, that is, debts due by the concern, was $133,185. The total of estimated assets was $137,265. On the face of it this would not show bankruptcy, but the assets proved to be not easily realized,

VI. Porto Rico—23.

In the Matter of Solá é Hijó.

and have not brought half the scheduled value. The referee
at the beginning was Salvador Suau, then J. R. Savage, and
now Henry G. Molina. The trustee elected was Carlos Aguayo,
and one of his sureties was Segundo Cadierno.

After a month of administration by Aguayo, his sureties
asked to be discharged; and about the same time, June 26, 1912,
a number of creditors filed a petition alleging that the members
of the bankrupt firm had not given the necessary information,
and expressing dissatisfaction with the work of the trustee, and
asking his removal. At the hearing in this matter before this
court the question of a successor to the trustee came up, and
several were mentioned, and during an adjournment Cadierno
was proposed, and he was appointed by the court, and qualified
as such. The retiring trustee was ordered to turn over the assets
to him, which was accordingly done.

The new trustee disputed many claims, realized some of the
assets, but has not succeeded in pleasing all the creditors. On
August 22 a meeting was called before Referee H. G. Molina,
at Caguas, and some, claiming to be the majority of creditors
in number and amount, protested against this and similar meet-
ings on the ground that they were useless and expensive, and
that the trustee was not present to aid the meeting which he
had called. The result was a motion filed for the removal of
Trustee Cadierno, and upon the hearing it developed that the
following charges were insisted upon: First, that the appoint-
ment of Cadierno was illegal; second, that it was disapproved
by the majority of the creditors; third, that the majority still
did not wish Cadierno as trustee; fourth, that numerous meet-
ings had been called by him to no purpose; fifth, that the trus-

In the Matter of Solá é Hijo.

tee had made sales of property for under 75 per cent of the value; sixth, that he had shown partiality towards San Juan creditors, and bias against those from Caguas and elsewhere in the interior; seventh, that he had not filed the reports required by the bankruptcy law. A hearing was had before this court upon the specifications, May 13 and 14, and voluminous testimony taken. It will be necessary, therefore, to take up the specifications in detail.

1. The law as to the appointment of a trustee is that at their first meeting after adjudication, or after a vacancy, the creditors shall appoint a trustee, and if the creditors do not make the appointment, the court shall. Bankruptcy law, § 44. There seems to be no question that one Carlos Aguayo was properly appointed in this manner, but the contention now is that upon his retirement there was not a meeting of creditors to appoint his successor, for it was done in open court, and not at a meeting of creditors. The action of the court was doubtless under general order No. 13, making the appointment subject to the approval of the referee or judge, and therefore there seems to be no reason why a meeting of creditors should not be held in the presence of the judge at a session of court. The minute entry would seem to show that this was the case, and while this is not as full as might be desired, no objection was made at that time or any other time until Cadierno had been acting as trustee for a year or more. The action of the court may be further justified by the fact that § 44 provides that, if the creditors do not appoint a trustee, the court shall do so. Bankruptcy act, § 44. Aguayo was unquestionably removed, and either the creditors appointed Cadierno his successor, or

they did not appoint anybody, and the court appointed Cadierno in accordance with the law. Furthermore, the rule is general that a *de facto* officer will be recognized until proper proceedings are taken for his removal. Even if Cadierno is to be considered as a *de facto* trustee, and not one *de jure,* he has been recognized so long and so frequently by both court and creditors that it is impossible to consider him in any other light than as trustee until some action for removal is taken before the court.

2. It will be more convenient to discuss the question of approval by a majority of creditors in another part of this opinion, and to take up, next, alleged misconduct of different kinds. One allegation is that the trustee called numerous meetings of creditors which were unnecessary and which he did not himself attend. The evidence upon this point is not convincing. It seems to be true of a meeting held at Caguas on August 22, 1912, when the trustee called a meeting which he did not himself attend. This was reprehensible, and the referee could have taken some action in the matter. He did not do so, however, and no appeal was taken from his failure to disapprove. This act, standing by itself, would not, under the circumstances, constitute in the mind of the court a ground for removal.

3. Another ground of misconduct alleged is that the trustee made several sales of property at less than 75 per cent of its value. This allegation seems to be based upon § 70b of the bankruptcy law, which provides that "real and personal property shall, when practicable, be sold subject to the approval of the court; it shall not be sold otherwise than subject to the approval of the court for less than 75 per centum of its ap-

In the Matter of Solá é Hijo.

praised value." [30 Stat. at L. 566, chap. 541, U. S. Comp. Stat. Supp. 1911, p. 1511.] The instances complained of more particularly relate to some Utuado coffee and Caguas tobacco. As to the coffee, the evidence tends to show that the trustee exchanged doubtful coffee on the tree for clean coffee which realized $160. It is not clear that this was an improper exercise of judgment. As to the tobacco, it would appear that 190 quintals were sold for $2,300, and that the purchasers sold it for double this amount. A combination of bidders is also set up. It cannot be said to be proved, however, that the trustee knew of any such combination, and, as the price obtained was higher than that offered by the largest purchaser of tobacco on the island, it would appear that the sale was a fair one under the circumstances. The amount of the profit made by the purchaser is not always a criterion of the fairness of the sale to him. It should be added that, while the law forbids a sale for less than 75 per cent of the appraised value without the approval of the court, there was nothing in the evidence at this hearing to prove either that this property had been appraised, or that the sale was not approved by the referee. Both of these elements would be necessary to make the sale illegal and both are duties of the referee. Bankrupt law, § 70b. The burden is on the party complaining.

4. The trustee seems to have stated that the claims of certain San Juan creditors were correct, and to have questioned many of those out of town. There is testimony showing he told the bankrupts, that, if they would acknowledge the San Juan creditors, he would not proceed against the bankrupt firm in the criminal proceedings, which he contemplated. The trustee's

### In the Matter of Solá é Hijo.

explanation of this is that he knew the San Juan claims were correct, and that the books of the bankrupts were in such a condition that he could not tell whether any others were. There seems to be no question that he was active in his investigations, —indeed the complaint is that he overdid the matter. It cannot be said that the proof on this point is convincing. The burden in a proceeding like this to remove a trustee, particularly where serious charges are made, is on the petitioner, and the petitioner must meet the burden of proving his case to the satisfaction of the court.

5. As a further ground for removal is alleged the fact that the trustee has not made reports to the court as required by law. Section 47 of the bankruptcy act requires that the trustee shall "report to the courts, in writing, the condition of the estates and the amounts of money on hand, and such other details as may be required by the courts, within the first month after their appointment and every two months thereafter, unless otherwise ordered by the courts." [30 Stat. at L. 557, chap. 541, U. S. Comp. Stat. Supp. 1911, p. 1500.] This has been criticized by text writers as impracticable. However that may be, it is certainly reprehensible for a trustee to be in office, as in this case, for over a year, and make no report of any kind to the court. The explanation offered by the trustee is that he did prepare a report in Spanish, not being a master of English, and turned it over to his attorney to translate and file. The attorney, on the other hand, says that he did not think it his duty to act as a translator, and he did not do so. The trustee must be held as derelict in this particular. He must attend to this duty at once, and it must be regarded for

In the Matter of Solá é Hijo.

the future. The trustee must follow up the matter, and see that the report is filed. As it has to be over his own signature, there is no excuse in his leaving it even to his attorney. He must do so promptly.

The irregularities proved do not seem to be sufficient for the removal of the trustee.

6. So far there have been discussed the questions as to validity of the appointment of Cadierno as trustee, and misconduct by the trustee after his appointment. There remains the important question, What are the rights and powers of the creditors if a majority in amount and value do not now wish him to remain trustee?

The will of creditors is generally expressed at meetings called by the referee of his own accord, or at the request of the trustee or of creditors. Bankruptcy general order No. 25; Bankruptcy act, § 55. Voting at meetings is confined to a majority in number and amount of claims of creditors present whose claims have been allowed. Bankruptcy law, § 56. These creditors, however, cannot at any meeting remove a trustee; that power resides only in the court. Bankruptcy act, § 2 (17). But any creditor may bring the question of removal before the court. See Bankruptcy Forms 52–55. In the case at bar, what is the wish of a majority in number and amount of the creditors whose claims have been allowed?

By order of this court the referee, Henry G. Molina, on May 13, 1913, has reported a list of creditors and the amounts of their claims which have been "approved." The statutory word is "allowed," but it is assumed that the referee means that by the word "approved." They amount in number to forty-

In the Matter of Solá é Hijo.

three, and in amount to $71,686.23.  Of these the following
creditors apply for the removal of the trustee:

| | |
|---|---|
| José Raminez Munoz | $2,500.00 |
| Mateo Rucabado | 5,784.12 |
| Mateo Rucábado | 8,000.00 |
| Gregorio Sola Delgado | 74.00 |
| Magin R. Arguelles | 3,026.00 |
| Cipriano Manrique Gil | 3,755.53 |
| Aguayo Hermanos | 1,946.27 |
| Jesus Hernandez | 200.00 |
| Manuel Soto Aponte | 1,500.00 |
| Yldefonso Sola | 1,550.30 |
| Hermogenes Jimenez | 1,334.00 |
| Lorenzo Jimenez Soto | 306.00 |
| American West Indies Trading Co. | 624.11 |
| Rafael Sola | 292.91 |
| Delfind Vila | 420.00 |
| Fernando Aponte | 2,633.00 |
| José C. Sola | 4,057.46 |
| Juan B. Lopez | 600.00 |
| Vicente Santos | 280.00 |
| Antonio Maria Sorba | 2,000.00 |
| Sandalio Marcano | 200.00 |
| Rafael Santos | 168.36 |
| Joaquin Almena Perez | 700.00 |
| Juan Jimenez Suari | 1,287.77 |

This makes twenty-three creditors, with a total .. $43,239.83

In the Matter of Solá é Hijo.

This includes Mateo Rucabado, one of whose claims is not among those reported approved by the referee, but must be regarded as allowed; because, after objection and suit by the trustee, a judgment has been recovered by Rucabado for $8,000. This claim should therefore have been reported by the referee as allowed.

On the other hand the following are opposed to the removal of the trustee:

| | |
|---|---:|
| The Texas Co. | $ 139.56 |
| West India Oil Co. | 111.43 |
| Cadierno Hermanos | 4,513.62 |
| Sucs. de L. Villamil & Ca. | 4,075.06 |
| Freiría & Ca. | 2,332.66 |
| Sobs. de Izquierdo & Ca. | 82.35 |
| Isidro A. Sanchez | 552.06 |
| Sucs. de M. Lomba & Ca. | 2,314.81 |
| R. Lopez y Hermanos | 1,990.00 |
| Pablo Roig | 800.00 |
| José C. Garriga | 303.23 |
| Cayey Caguas Tobacco Co. | 4,640.37 |
| Isidoro Alvarez | 478.95 |
| Hilario Santos | 912.15 |
| Korber & Ca. | 156.97 |
| Alles Hermanos | 1,907.58 |
| Portela & Ca. | 195.52 |
| Soc. Ind. Riera & Ca. | 84.00 |

This makes eighteen creditors with total ........ $25,590.32

In the Matter of Solá é Hijo.

This still leaves the following as taking no part one way or the other in this application:

El Banco de Puerto Rico ..................... $3,200.00
M. Grau é Hijos ........................... .654.75

Total ................................. $3,854.75

On both sides are other creditors whose claims have not yet been allowed, and the referee reports the names of others still whose claims have not yet been allowed. None of these can be considered one way or the other on the present application.

It was intimated upon the argument that the report of the referee was incomplete in that there were other allowed claims which do not appear upon his report. This, however, is a matter which cannot be taken up collaterally. For the purposes of the present application, only claims reported as allowed by the referee can be considered. Bankruptcy act, § 56. It may be added that no question occurs in this case as to secured creditors.

The net result of the foregoing investigation, therefore, is that a majority in number and amount of the creditors holding allowed claims join in the petition for the removal of the trustee.

7. This raises the legal question of the right of such majority.

The bankruptcy law provides that the selection of the trustee by the creditors must be with the approval of the court, while the language relating to removal is stronger. It says (General Order 13) that the trustee can only be removed by the court. This is discretionary with the court. It has been held that, being discretionary, it should be exercised only where there

In the Matter of Solá é Hijo.

is sufficient cause. Re Mallory, 4 Nat. Bankr. Reg. 153, Fed. Cas. No. 8,990. In the case at bar there have been irregularities, but no misconduct which *per se* would justify removal of the trustee. Is the fact that such removal is desired by the majority in number and value of the creditors a sufficient cause?

The general object of the bankruptcy law is the administration of the assets of a bankrupt for the advantage of the creditors, and it cannot be said that the district court, which touches the administration of the assets only on such occasions as this or an appeal from a referee, is better able to judge of the interest of the creditors than the majority of the creditors themselves. The objection of the majority in number and value of the creditors would be very persuasive to the court in exercising its discretion.

8. A trustee may be removed at the instance of even one creditor, for misconduct in office, which is not the case here, but if the cause of removal is the fact that it is desired by a majority of the creditors, the court must be sure that it is the wish of this majority. In the case at bar there have been three referees and two trustees, and the report of the present referee shows that he is not certain as to all claims which have been before his predecessors. He reports $11,064.23 as "filed this 10th day of May, 1913," and a list of nine other creditors with claims aggregating $3,562.57 "filed with previous referees, but apparently not approved." Moreover, it is not clear whether there are two claims of Rucabado, or whether the larger includes the less. It is quite true that the necessity of quorum does not obtain at meetings of creditors, and that if only one is present there is a legal meeting; but the rule does not apply

where the court is seeking to be guided by the wishes of a majority of the creditors. In ordinary cases, by parliamentary law, persons not voting are counted in the negative. If the claims above mentioned should be allowed and be favorable to the present trustee, there might be an application to restore him. This has happened in regard to claims filed after the first meeting. Collier, Bankr. 7th ed. 577; Re Morganthal, 1 Nat. Bankr. Reg. 402, Fed. Cas. No. 9,813. The principle of the removal is consulting the best interest of the estate. 1 Loveland, Bankr. 748. The court does not desire to do a vain thing, and therefore will order the referee to proceed with expedition in the matter of allowance of all claims properly filed, and to report further to the court, within thirty days, the allowance or disallowance of such claims. The court will then be certain it can consult the wishes of the majority of the allowed creditors, and will act accordingly. It may be, also, that this interval will afford an opportunity for the parties to harmonize their differences, and agree upon a course of administration which will put an end to the differences which are proving so expensive to the estate.

It is so ordered.